IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3216-D

| | |
|---|---|
| DAVID Q. BIGGS, SR., and ) | |
| MYRON RODERICK NUNN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NORA D. HUNT, et al., ) | |
| ) | |
| Defendants. ) | |

On October 27, 2011, state inmates David Q. Biggs ("Biggs")[1] and Myron Roderick Nunn ("Nunn") (collectively, "plaintiffs") filed this action under 42 U.S.C. § 1983 [D.E. 1]. Plaintiffs proceed pro se and in forma pauperis [D.E. 3–4]. On December 20, 2011, and March 23, 2012, Nunn filed motions for a preliminary injunction [D.E. 12, 19]. On January 13 and March 13, 2012, Nunn filed motions challenging the court's collection of filing fees [D.E. 13, 17]. On January 20 and March 6, 2012, Nunn filed motions to amend the complaint [D.E. 14, 16]. On March 14, 2012, Nunn filed additional materials [D.E. 18].

Courts must review complaints in civil actions in which prisoners seek relief from a governmental entity or officer, and dismiss a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915A(a)–(b)(1). A case is frivolous

---

[1] On February 2, 2012, the Department of Public Safety, Division of Adult Correction, transferred Biggs to Pamlico Correctional Institution. See N.C. Dep't of Pub. Safety, Offender Pub. Info., http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0031026& searchOffenderId=0031026&listurl=pagelistoffendersearchresults&listpage=1 (last visited Aug. 18, 2012). Biggs has not provided the court with his current address, as required by Local Civil Rule 83.3, EDNC. The court cautions Biggs to comply with the local rules of this court.

if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

A party may amend his pleading once as a matter of course within twenty-one days after service, or, if the pleading requires a response, within twenty-one days after service of the response or service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading only with the written consent of the opposing party or with leave of court. Fed. R. Civ. P. 15(a)(2). Because Nunn's complaint is subject to review under section 1915A, no defendant has been served. Accordingly, Nunn's motions to amend [D.E. 14, 16] are granted, and the court reviews all of the filings to determine whether plaintiffs have stated a claim upon which relief may be granted.

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

2

committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

The court first addresses the allegations in plaintiffs' original complaint, which Nunn wrote. Plaintiffs allege that while they were incarcerated at Columbus Correctional Institution ("Columbus"), Biggs asked "Nunn to mail a federal complaint to [Biggs's] brother Robert Biggs." [D.E. 1] 3. However, defendant Stanley, a Columbus correctional officer, "read the contents of this legal mail" and did not mail it. Id. Additionally, Biggs's family "never received mail that [Biggs] sent them" and "money orders that were mailed [to Columbus] by [Biggs's] family were returned, lost, and cashed without being placed in [Biggs's] account." Id. Plaintiffs further allege that defendant Schoolcraft, a Columbus correctional officer, "interfered with and censored [their] outgoing mail . . . [and] delivered the . . . mail to [defendant] Captain Melisa Evans [("Evans")] rather than to the post office." Id. 3–4.[2] Finally, one plaintiff (it is not clear whether it is Biggs or Nunn) "filed and mailed an appeal . . . to the Superior Court division, Thirteenth Judicial District . . . . However, the Clerk of Superior Court stated there is no record of the plaintiff's appeal." Id. 4. Plaintiffs name as defendants Columbus Superintendent Nora Hunt, Evans, Stanley, and Schoolcraft. Id. 2–3. Plaintiffs seek injunctive relief, "disciplinary actions imposed upon each defendant by this court," and the costs of this action. Id. 4.

---

[2] Nunn has also described an August 10, 2011, incident of mail censorship in Nunn v. Hunt, No. 5:11-CT-3211-D, [D.E. 5] 3 (E.D.N.C. Nov. 3, 2011) (motion to amend complaint). It is not clear whether the allegations of the instant complaint involve the same incident of alleged censorship described in that case or a different incident.

3

As for plaintiffs' claim that defendant Stanley read a piece of legal mail[3] and that a state court did not receive an appeal, legal mail may not be opened outside of the presence of the prisoner-addressee. See, e.g., Wolff v. McDonnell, 418 U.S. 539, 575–77 (1974). However, to state a claim for a constitutional violation, a plaintiff must show actual injury. See Lewis v. Casey, 518 U.S. 343, 350–54 (1996). To show actual injury, an inmate must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Id. at 353 (footnote omitted); Michau v. Charleston Cnty., 434 F.3d 725, 728 (4th Cir. 2006); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (en banc). Plaintiffs' allegations fall far short of this standard. Moreover, plaintiffs fail to connect any defendant to the state-court appeal mailing. Thus, plaintiffs have failed to state a claim upon which relief can be granted, and the claim is dismissed.

As for Biggs's complaints that his family members have not received mail he sent to them, he has not alleged anything other than isolated incidents of mail mishandling, which do not rise to the level of a constitutional violation. See, e.g., Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) ("[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation."); Pearson v. Simms, 345 F. Supp. 2d 515, 519–20 (D. Md. 2003), aff'd, 88 F. App'x 639 (4th Cir. 2004) (per curiam) (unpublished); see also Buie v. Jones, 717 F.2d 925, 926 (4th Cir. 1983). As for "money orders that . . . were returned, lost, and cashed without being placed in [Biggs's] account," [D.E. 1] 3, Biggs has alleged, at most, that some official negligently failed to deliver these items to him. However, a due process claim under section 1983 requires more than negligent conduct. It requires an intent to harm or deliberate indifference. See, e.g., Cnty. of Sacramento v. Lewis, 523 U.S. 833, 846, 850 (1998); Daniels v. Williams, 474 U.S. 327, 328 (1986); Waybright

---

[3] For purposes of 28 U.S.C. § 1915A, the court assumes without deciding that a "federal complaint" addressed to an inmate's family member, rather than to a court for filing, constitutes legal mail.

4

v. Frederick Cnty., 528 F.3d 199, 206 (4th Cir. 2008); McIntyre v. Portee, 784 F.2d 566, 567 (4th Cir. 1986). Furthermore, even "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post[-]deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Here, an adequate post-deprivation remedy is available to Biggs. See, e.g., Wilkins v. Whitaker, 714 F.2d 4, 6–7 (4th Cir. 1983). Because Biggs has a meaningful post-deprivation remedy available in state court, this claim fails. Moreover, plaintiffs failed to connect any named defendant to either the non-delivery of mail to Biggs's family or the failure to credit Biggs's inmate account with money orders. Thus, plaintiffs have failed to state a claim upon which relief can be granted, and the claim is dismissed.

Next, the court addresses the additional allegations in Nunn's proposed amendments to the complaint [D.E. 14, 16] and additional materials [D.E. 18].[4] Nunn seeks to add numerous claims arising out of his current place of incarceration, Hyde Correctional Institution ("Hyde"), and defendants connected with those claims. [D.E. 14, 16]; see [D.E. 18]. All of these claims arose after plaintiffs filed their original complaint. Moreover, Nunn has submitted evidence indicating that he did not exhaust administrative remedies with regard to any of these claims until after filing suit. See, e.g., [D.E. 18-2] 10 (grievance dated 12/16/11), 13 (discussing a grievance dated 11/19/11), 14 (grievance dated 2/16/12), 17 (disciplinary report dated 2/4/12). The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 83–85 (2006);

---

[4] Nunn has submitted a complaint addressed to the Superior Court of Hyde County, along with summonses for issuance by that court [D.E. 18, 18-1]. The court directs the clerk to return these materials to Nunn. This court cannot accept and process filings in state-court matters.

5

Porter v. Nussle, 534 U.S. 516, 524 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532; see Jones v. Bock, 549 U.S. 199, 211 (2007). A prisoner must exhaust administrative remedies regardless of the relief offered through administrative procedures. See Booth v. Churner, 532 U.S. 731, 740–41 (2001). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211. Filing suit before exhausting administrative remedies dooms the action. See, e.g., Ford v. Johnson, 362 F.3d 395, 398–99 (7th Cir. 2004); Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003).

When an inmate files suit early, courts typically dismiss the action without prejudice. See, e.g., Ford, 362 F.3d at 401; Johnson v. Cannon, C.A. No. 4:08-776-PMD, 2010 WL 936706, at *8 (D.S.C. Mar. 15, 2010) (unpublished), aff'd, 390 F. App'x 256 (4th Cir. 2010) (per curiam) (unpublished); Shouse v. Madsen, Civil Action No. 7:09-cv-00461, 2010 WL 276543, at *1 (W.D. Va. Jan. 19, 2010) (unpublished). A dismissal without prejudice allows the prisoner an opportunity to exhaust the administrative process and then file a new suit, if the prisoner so chooses. Accordingly, because Nunn failed to exhaust any of these claims arising at Hyde before filing suit, the court dismisses these claims without prejudice.

Next, the court addresses Nunn's motions for a preliminary injunction [D.E. 12, 19]. Nunn filed the first motion in four separate cases. [D.E. 12] 1. Nunn asserts that on December 11, 2011, he "experienced a sudden deterioration of vision" and seeks "an emergency injunction ordering the North Carolina Department of Correction [sic] to approve and issue . . . prescription eye glasses, provide quality eye care, and not delay, deny, or interfer[e] with the eye physician[']s orders." Id. 2. In his second motion for a preliminary injunction, Nunn asserts that mail sent to him from Biggs

6

"via . . . Barbara Biggs pertaining to this case" was "withheld and censored," and seeks "a preliminary injunction ordering [individuals within] the N.C. Department of Public Safety to allow the plaintiffs to correspond directly between each other as it relates to this case." [D.E. 19] 2.

The substantive standard for granting a temporary restraining order is the same as that for entering a preliminary injunction. See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a temporary restraining order or a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). In Winter, the Supreme Court rejected the "standard that allowed the plaintiff to demonstrate only a possibility of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (quotations omitted), vacated on other grounds, 130 S. Ct. 2371 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Nunn has not established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Thus, Nunn has failed to meet his burden of proof. Accordingly, the court denies Nunn's motions for a preliminary injunction [D.E. 12, 19].

As for Nunn's challenge to the payment of filing fees in this case [D.E. 13, 17],[5] Nunn asserts

---

[5] Nunn filed the first motion in seven different cases, [D.E. 13] 1, and it appears that he is litigating the issue of filing fees in the United States Court of Appeals for the Fourth Circuit. [D.E. 17] 5 (certificate of service); [D.E. 18-2] 2–6 (affidavit of Donna Gaa filed in Nunn v. Keller, No. 11-6320 (4th Cir. Jan. 26, 2012)).

7

that the North Carolina Department of Corrections is deducting more than 20 percent from his trust account to pay his filing fees in several cases, and seeks a refund of $93. [D.E. 13] 1–2; [D.E. 17] 2–4. The PLRA provides that "prisoner[s] shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1); see Torres v. O'Quinn, 612 F.3d 237, 241 (4th Cir. 2010) ("Congress [has] required that indigent prisoners filing lawsuits be held responsible for the full amount of filing fees."). Moreover, in the Fourth Circuit, prisons may not deduct more than 20 percent of a prisoner's monthly income to pay filing fees, and may not withdraw any money when an inmate's trust account falls below $10. Torres, 612 F.3d at 242 & n.2. As Nunn acknowledges, the remedy for a violation of Torres is a temporary abatement in the collection of filing fees from an inmate's trust account. [D.E. 13] 1; [D.E. 17] 1; see Torres, 612 F.3d at 253. A review of the docket indicates that Nunn has made a single payment toward his filing fee in this case: on January 5, 2012, Nunn paid $44. Accordingly, the court denies Nunn's motions for a refund of the filing fee [D.E. 13, 17].

In sum, the court GRANTS plaintiff Nunn's motions to amend [D.E. 14, 16], and DENIES plaintiff Nunn's remaining motions [D.E. 12, 13, 17, 19]. As to all defendants, the court DISMISSES the claims in plaintiffs' original complaint [D.E. 1] as frivolous under 28 U.S.C. § 1915A. The court DISMISSES the claims in Nunn's additional filings [D.E. 14, 16, 18] without prejudice for failure to exhaust administrative remedies. The Clerk of Court is directed to send a copy of this order to both plaintiffs at their current places of incarceration, to return to Nunn the state court filings in [D.E. 18, 18-1], and to close the case.

SO ORDERED. This 19 day of August 2012.

JAMES C. DEVER III
Chief United States District Judge